# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS PADILLA,<br><br>        Plaintiff,<br><br>   v.<br><br>WSVD MEDICAL, et al.<br><br>        Defendants. | Case No. 5:22-cv-01570-SB-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.    Pertinent Procedural History and Plaintiff's Claims

On September 6, 2022, Plaintiff Jose Luis Padilla, proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983. [Dkt. No. 1.] At the time he filed the Complaint, Plaintiff was confined at the West Valley Detention Center ("WVDC"). [*Id.*] The Complaint alleges that the jail's medical staff acted with deliberate indifference to his medical needs by failing to provide Plaintiff with the correct dosage of his prescription medication, causing seizures, failing to give him adequate medical attention during his seizures, and failing to provide him with the proper knee surgery. [*Id*. at 3-5.] Plaintiff

named WVDC Medical, Doe Nutritionist, Dr. Chalary, Dr. Nonne, and Brannon Larson as defendants.[1] [*Id.* at 3-4.]

The Complaint alleges that Doe Nutritionist failed to put Plaintiff on the correct food plan, causing him to lose weight, bleed out, and have a platelet count as low as 29%. [*Id.* at 5.] Plaintiff also alleges that he was not properly fed and that Doe Nutritionist was advised of his liver failure. [*Id.* at 3.] Plaintiff further alleges that Dr. Chalary threatened him, that Dr. Nonne failed to do an MRI and surgery on his knee, and that Brannon Larson, who works in classification and/or housing, failed to place Plaintiff in medical housing. [*Id.* at 4.]

On December 12, 2022, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and found that it failed to state a cognizable claim against any named defendant, as required by Rule 8 of the Federal Rules of Civil Procedure. [Dkt. No. 5.] The Court dismissed the Complaint with leave to amend and advised Plaintiff that if he wished to pursue this action, he was to file a first amended complaint no later than January 13, 2022, that corrected the defects identified by the Court in its order. [*Id.*] A copy of this screening order was mailed to Plaintiff at the WVDC address listed on the Complaint.

On December 22, 2022, the screening order was returned in the mail as undeliverable with the notation "rts not in custody." [Dkt. No. 6.] On January 13, 2023, the Court ordered Plaintiff to provide an updated address to the Court and to show cause why the Court should not recommend that this action be dismissed for failure to prosecute by February 1, 2023. [Dkt. No. 7.] On January 26, 2023, the order to show cause was also returned in the mail as undeliverable with the notation "rts not in custody." [Dkt. No. 8.] To date,

---

[1] In the Complaint Plaintiff erroneously refers to the West Valley Detention Center ("WVDC") as "WSVD". [*See* Dkt. No. 1. at 2-3.]

2

Plaintiff has not responded to the initial screening order, the order to show cause, provided an updated address, or otherwise communicated with the Court about his case since filing on September 6, 2022. Accordingly, the case is now subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

**II.   Discussion**

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff did not file a first amended complaint or provide the Court his updated address. His failure to file an amended complaint or update his address—or show good cause for his delay—prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendants – does not counsel in favor of dismissal because Defendants have not been served and may otherwise be unaware that a case has been filed. However, the Ninth Circuit

has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court, update the Court with his address, and file an amended complaint. Plaintiff was also expressly warned that failure to comply with the Court's orders could result in dismissal. [Dkt. Nos. 5, 7.] Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, retention of this case would not increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against

dismissal.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: February 15, 2023

_____
HON. STANLEY BLUMENFELD JR.
UNITED STATES DISTRICT JUDGE